TOWN OF CONEWANGO v. SHAW et al.

(Supreme Court, Appellate Division, Fourth Department.  June 18, 1898.)

DRAINAGE COMMISSIONERS—BRIDGES OVER DITCHES.
  While the statute authorizing the drainage of land for the preserva-
  tion of the public health does not in terms confer on commissioners, ap-
  pointed for that purpose, power to construct bridges over ditches across
  highways made by them in the course of the work, yet such power will
  be regarded as implied, and under Highway Law, § 15, the commissioner
  of highways of a town may sue to enforce the duty.

Appeal from special term, Cattaraugus county.

Action by the town of Conewango against Julius N. Shaw and
others, commissioners appointed for the drainage of low, wet, marsh
lands.  From a judgment overruling a demurrer to the complaint
(48 N. Y. Supp. 1), defendants appeal.  Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN,
and WARD, JJ.

Wade & Stevenson, for appellants.
Goodwill & Benson, for respondent.

HARDIN, P. J.  In 1894 proceedings were instituted under the
drainage law for the purpose of draining some 20,000 acres of land
situated in the counties of Cattaraugus and Chautauqua.  Upon
presentation of a petition to the supreme court, the defendants were
named as commissioners clothed with the authority and duty to exe-
cute the act authorizing the drainage of the lands for the purpose of
preserving the public health.  It is alleged that the defendants en-
tered upon the discharge of their duties, and cut channels for the
drainage of water; and among other things, in the execution of their
duties as such commissioners, they cut a channel across a highway in
the plaintiff's town some 50 feet wide and 6 feet deep, and at the time
of the commencement of this action they had omitted and failed to
construct a suitable bridge across said channel for the convenience of
the public using said highway.  The town authorities in no way con-
sented to the construction of the ditch across the highway of the
town of the plaintiff.  The pivotal question presented in this case
is whether the defendants, in the discharge of their duties as commis-
sioners, and in the exercise of the powers conferred upon them by
the statute, ought to have covered the ditch which they constructed
across the highway of the plaintiff,—ought to have constructed a
bridge suitable for the convenience of the public in the use of the
highway, instead of leaving the highway in an improper condition.
The statute under which the defendants act does not, in terms, con-
fer upon them the power to construct bridges across the ditches which
they make, or cause to be made, in carrying out the powers and duties
conferred upon them by the statute.  However, it seems reasonable
to declare that the statute impliedly conferred power and made it the
duty of the commissioners, when cutting a channel through the high-
way of the plaintiff, to leave the same covered with a bridge of a suit-
able nature and character to accommodate the needs of the public.
Having failed to discharge that duty, this action is brought to declare

the duty, and to enforce the liability on the part of the defendants occasioned by an omission to discharge such duty.

It is not necessary, on this occasion, to determine the extent of the liability of the defendants as commissioners, nor the exact conse· quences of their omission to perform the duties imposed upon them by statute. Such questions will more appropriately arise when all the facts mentioned in the complaint are established, and the defendants are given an opportunity to present any mitigating facts or reasons why they have not fully discharged the duty imposed upon them by statute. To sustain the complaint, it is enough that it can be seen that it contains facts sufficient to make out a cause of action against the defendants.

It is provided in section 15 of the highway law that the commissioner of highways may bring an action in the name of the town against any person or corporation to sustain the rights of the public in and to any highway in the town, and to enforce the performance of any duty enjoined upon any person in relation to such highways. If it be right to assume that the defendants have failed in the full performance of the duty imposed upon them by statute, then it would seem to follow that the complaint states facts sufficient to constitute a cause of action, and that the demurrer was properly overruled, and the interlocutory judgment should be affirmed, with costs, with leave to the defendants to answer upon withdrawing their demurrer and the payment of the costs of the same and of this appeal.

Interlocutory judgment affirmed, with costs, with leave to defendants to withdraw their demurrer and answer upon payment of the costs of the demurrer and of this appeal. All concur.